■ DOMINICK PRETE, as Administrator of the Estate of FRANK PRETE, Deceased, et al., Respondents, v SAMEER RAFLA-

DEMETRIOUS et al., Defendants, and HOSNY M. SELIM et al., Appellants. [638 NYS2d 700] — In an action to recover damages for medical malpractice, etc., the defendants Hosny M. Selim and Lulu Thomas appeal from a judgment of the Supreme Court, Kings County (Spodek, J.), entered June 21, 1994, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $175,000.

Ordered that the judgment is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the complaint is dismissed insofar as asserted against the appellants.

In 1984, Frank Prete was diagnosed with prostate cancer. In June 1987, the cancer had spread to his hip and he was treated by Dr. Hosny M. Selim with palliative radiation treatment, after which he resumed his normal activities. One evening in January 1988, he experienced slurred speech, disorientation, and unfocused vision. Shortly thereafter he had a CAT scan which was interpreted by Dr. Thomas Mooken to depict the spreading of the prostatic cancer to Prete's brain. Based on that diagnosis, Dr. Selim administered palliative radiation therapy to Prete's head.

During the course of treatment, Prete sustained, according to family members, discoloration of the skin, peeling and breaking of the skin all over his body, exhaustion and weakness, inability to walk without assistance, and disorientation. These conditions were alleged to continue until Prete died on October 31, 1988.

In early April 1988 Prete had a seizure and was taken to Maimonides Medical Center. The admission records did not indicate that Prete had the symptoms allegedly resulting from the radiation therapy. A new CAT scan was taken, and it was determined that Prete had suffered a stroke and did not have a tumor in the brain. This action ensued, seeking damages resulting from the needless course of radiation therapy.

The elements of proof in a medical malpractice action are (1) deviation or departure from accepted practice and (2) evidence that such departure was a proximate cause of injury or damage (see, Bloom v City of New York, 202 AD2d 465; Kletnieks v Brookhaven Mem. Assn., 53 AD2d 169, 176). To carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant's negligence was a substantial factor in producing the injury (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308; Mortensen v Memorial Hosp., 105 AD2d 151, 158). Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish

proximate cause, unless the matter is one which is within the experience and observation of the ordinary juror *(see, Koehler v Schwartz,* 48 NY2d 807; *Paul v Boschenstein,* 105 AD2d 248; *Weiss v Zuckerman,* 114 AD2d 895).

The record contains sufficient evidence to support the conclusion that the defendants departed from good and accepted medical practice in failing to confirm the diagnosis of tumor and in needlessly treating Prete with radiotherapy. Nevertheless, reversal is required because there was no expert testimony causally linking the defendants' negligence with the alleged injuries suffered. Contrary to the plaintiffs' contention, the effects of palliative radiation therapy are not within the realm of competence of a lay jury to evaluate, and without expert testimony the jury would have to engage in impermissible speculation to decide which alleged symptom was attributed to the radiotherapy and which alleged sympton was attributed to Prete's cancer and to the strokes he suffered *(see, Kennedy v Peninsula Hosp. Ctr.,* 135 AD2d 788; *Mortensen v Memorial Hosp., supra).*

In light of this determination, it is not necessary to address the other issues raised by the defendants. Balletta, J. P., Joy, Krausman and Florio, JJ., concur.