(January 16, 2001)

■ FOTINI BADOLA, Respondent, v JOHN A. KAMPESSIS, Appellant, et al., Defendant. [719 NYS2d 596] —In an action, *inter alia,* to recover damages for medical malpractice, the defendant John A. Kampessis appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Spodek, J.), dated August 2, 1999, as denied his motion, *inter alia,* pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against him and for judgment in his favor as a matter of law, (2) stated portions of a judgment of the same court, entered October 7, 1999, and (3) so much of an amended judgment of the same court, entered October 26, 1999, as, upon the jury verdict, is in favor of the plaintiff and against him in the principal sum of $350,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the law, so much of the judgment as is in favor of the plaintiff and against the appellant is vacated, so much of the order as denied that branch of the appellant's motion which was to set aside the jury verdict and for judgment

as a matter of law in his favor is vacated, that branch of the motion is granted, and the complaint is dismissed insofar as asserted against the appellant; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

In this medical malpractice action, the plaintiff did not submit sufficient evidence to show that any departure from accepted practice by the appellant was a proximate cause of her injuries (*see, Prete v Rafla-Demetrious,* 224 AD2d 674, 675; *see also, Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358). Accordingly, that branch of the appellant's motion which was to set aside the verdict and for judgment in his favor as a matter of law should have been granted.

In light of the foregoing, we need not reach the appellant's remaining contentions. Bracken, Acting P. J., O'Brien, Florio and Schmidt, JJ., concur.