■ ROBERT L. GELTZER et al., Respondents-Appellants, v HARVEY LEVENTHAL, Appellant-Respondent, et al., Defendants.

[730 NYS2d 873] —In a medical malpractice action to recover damages for personal injuries, etc., the defendant Harvey Leventhal appeals from so much of an order of the Supreme Court, Richmond County (Rosenberg, J.), dated June 26, 2000, as denied that branch of his motion which was to set aside the verdict pursuant to CPLR 4404 (a) or for a new trial on the ground that the verdict was against the weight of the evidence, and granted that branch of his motion which was for a new trial on the issue of damages unless the plaintiffs stipulated to reduce the verdict as to damages only to the extent of reducing the verdict awarding Joseph Testaverdi damages for past and future pain and suffering from $450,000 and $1,500,000, to $300,000 and $1,000,000, respectively, and the plaintiff Theresa Testaverdi for past and future loss of consortium from $275,000 and $500,000, to $60,000 and $100,000, respectively, and the plaintiffs, Robert L. Geltzer, Joseph Testaverdi, and Theresa Testaverdi, cross-appeal from so much of the same order as granted that branch of the motion of the defendant Harvey Leventhal which was for a new trial on the issue of damages unless the plaintiffs stipulated to reduce the verdict as to damages to the extent indicated.

Ordered that the order is modified, on the law, the facts, and as an exercise of discretion, by deleting the provision thereof granting that branch of the motion of the defendant Harvey Leventhal which was for a new trial on the issue of damages unless the plaintiffs stipulated to reduce the verdict as to damages for past and future pain and suffering and past and future loss of consortium, and substituting therefor a provision granting a new trial on the issue of damages with respect thereto; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable to the defendant Harvey Leventhal, unless on or before December 31, 2001, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to further reduce the verdict as to damages awarded to Joseph Testaverdi for past pain and suffering from the sum of $300,000 to the sum of $150,000, and for future pain and suffering from the sum of $1,000,000 to the sum of $350,000, and to Theresa Testaverdi for past loss of consortium from the sum of $60,000 to the sum of $28,125, and for future loss of consortium from the sum of $100,000 to the sum of $46,875, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiffs so stipulate, then the order, as so modified, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"[A] case of malpractice based on lack of informed consent

may not be submitted to a jury in the absence of expert medical testimony to support the qualitative insufficiency of the consent (CPLR 4401-a) i.e., that a reasonably prudent person in the patient's position would not have undergone the treatment if fully informed (Public Health Law § 2805-d [3])" (*Briggins v Chynn,* 204 AD2d 158, 159). Viewing the testimony at trial in the light most favorable to the plaintiffs, there is expert evidence establishing the qualitative insufficiency of the consent supporting the conclusion that a reasonably prudent person in the position of Joseph Testaverdi would not have undergone the treatment if fully informed (*cf., Evans v Holleran,* 198 AD2d 472).

The verdict as to damages for Joseph Testaverdi's past and future pain and suffering and for Theresa Testaverdi's past and future loss of consortium, as reduced by the Supreme Court, deviate materially from what would be reasonable compensation under the circumstances of this case, to the extent indicated (*see,* CPLR 5501 [c]).

The remaining contention of the defendant Harvey Leventhal is without merit. Santucci, J. P., S. Miller, Smith and Crane, JJ., concur. [As amended by unpublished order entered Nov. 15, 2001.]