■ Angelo R. Sangiovanni, Appellant, v Eugene R. Koloski et al., Respondents. [817 NYS2d 636]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Pagones, J.), entered January 27, 2005, which, upon a jury verdict, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the facts adduced at

trial were insufficient to warrant a jury charge on the doctrine of res ipsa loquitur. The nature of the testimony did not give rise to an inference of negligence based upon the mere occurrence of the adverse event at issue (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Johnson v Farr,* 268 AD2d 560 [2000]; *Abbott v New Rochelle Hosp. Med. Ctr.,* 141 AD2d 589 [1988]). Thus, the Supreme Court providently exercised its discretion in denying the plaintiff's request for a res ipsa loquitur charge.

Furthermore, the statements made by the defendant Eugene R. Koloski during trial did not constitute a judicial admission (*but cf. Knutson v Sand,* 282 AD2d 42, 48 [2001]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's request for a judicial admissions charge.

Motion by the respondents on an appeal from a judgment of the Supreme Court, Dutchess County, entered January 27, 2005, to strike the appellant's reply brief on the ground that it raises substantive issues not raised in the appellant's main brief. By decision and order on motion of this Court dated January 31, 2006, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted to the extent that the following portions of the reply brief are stricken and have not been considered in the determination of the appeal: (1) pages 9 through 12; (2) page 13 starting with the second paragraph through page 19; and (3) page 28 starting with the first full paragraph through the paragraph ending on the top of page 29; and the motion is otherwise denied. Florio, J.P., Santucci, Rivera and Fisher, JJ., concur.