■ VINCENT SALMERI, Respondent, v BETH ISRAEL MEDICAL CENTER-KINGS HIGHWAY DIVISION, et al., Appellants. (And a Third-Party Action.) [834 NYS2d 314]—

In an action to recover damages for medical malpractice, the defendants separately appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Kings County (Steinhardt, J.), dated April 20, 2006, as, upon a jury verdict on the issues of liability and damages finding, inter alia, that the plaintiff sustained damages in the principal sums of $320,000 for past pain and suffering and $1,500,000 for future pain and suffering, and upon the denial of their motions pursuant to CPLR 4401 and 4404 for judgment as a matter of law dismissing the complaint or, alternatively, pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the plaintiff and against them in the principal sum of $1,820,000.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove that the defendant deviated from accepted practice and that such deviation proximately caused his injuries (*see Thompson v Orner,* 36 AD3d 791 [2007]; *Anderson v Lamaute,* 306 AD2d 232, 233 [2003]; *Prete v Rafla-Demetrious,* 224 AD2d 674, 675 [1996]). To meet this burden, a plaintiff ordinarily presents expert testimony showing that the defendant's conduct deviated from the requisite standard of care (*see Texter v Middletown Dialysis Ctr., Inc.,* 22 AD3d 831 [2005]). Here, there was legally sufficient evidence to support the jury verdict finding that the defendant physicians deviated from accepted practice in their assessment, treatment, and care of the plaintiff's acute perforated diverticulum, and that such deviation proximately caused his injuries (*see Cohen v Hallmark*

*Cards,* 45 NY2d 493, 499 [1978]; *Nicastro v Park,* 113 AD2d 129, 132 [1985]; *see also Fellin v Sahgal,* 35 AD3d 800 [2006]; *Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]).

Moreover, the verdict was not against the weight of the evidence. Where both the plaintiff and the defendants presented expert testimony in support of their respective positions, it was the province of the jury to determine the experts' credibility (*see Cohen v Hallmark Cards, Inc., supra* at 498-499; *Fellin v Sahgal, supra; Texter v Middletown Dialysis Ctr., Inc., supra* at 832; *Wong v Tang,* 2 AD3d 840 [2003]; *Velez v Policastro,* 1 AD3d 429, 431 [2003]; *Nicastro v Park, supra* at 133-134).

The award of damages for the plaintiff's future pain and suffering did not deviate materially from what would be considered reasonable compensation (*see* CPLR 5501 [c]; *Wisholek v Douglas,* 280 AD2d 220, 224 [2001], *revd on other grounds* 97 NY2d 740 [2002]; *Krueger v Frisenda,* 218 AD2d 685 [1995]).

The defendants' remaining contentions are without merit. Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.