■ DRITA MANUKA, Respondent, v WENDY CRENSHAW et al., Defendants, PAUL ENNIN, Appellant, and INTERFAITH MEDICAL CENTER, Defendant and Third-Party Plaintiff-Appellant-Respondent. ENNIN & BAAH, P.C., et al., Third-Party Defendants-Appellants. [841 NYS2d 782]—In an action to recover damages for medical malpractice, the defendant Paul Ennin and the defendant third-party plaintiff Interfaith Medical Center, separately appeal, as limited by their respective briefs, from so much of a judgment of the Supreme Court, Kings County (Rosenberg, J.), dated November 16, 2005, as, upon (a) a jury verdict on the issue of liability finding the defendant Paul Ennin 20% at fault for the plaintiff's injuries, the defendant third-party plaintiff Interfaith Medical Center 40% at fault for the plaintiff's injuries, and the third-party defendant Paul Owusu-Baah 40% at fault for the plaintiff's injuries, (b) a jury verdict on the issue of damages awarding the plaintiff the sums of $1,500,000 for past pain and suffering, $3,000,000 for future pain and suffering, $400,000 for future medical care expenses, $1,500,000 for future medical supplies, $2,500,000 for future equipment expenses, $200,000 for past home health aide expenses, $17,000,000 for future home health aide expenses, and $5,000,000 for future loss of earnings, (c) an order of the same court dated August 8, 2005, denying those branches of the separate motions of the defendant Paul Ennin, the defendant third-party plaintiff Interfaith Medical Center and the third-party defendant Paul Owusu-Baah, which were pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability and for judgment in their favor as a matter of law or, in the alternative, to set aside the verdict as against the weight of the evidence and for a new trial on the issue of liability, and granting those branches of their separate motions which were to set aside the verdict on the issue of damages as excessive only to the extent of directing a new trial on the issue of damages unless the plaintiff stipulated to reduce the award for past pain and suffering to the sum of $1,300,000, the award for future pain and suffering to the sum of $2,200,000, the award for future medical care expenses to the sum of $185,000, the award for future medical supplies to the sum of $670,000, the award for future equipment expenses to the sum of

$1,045,000, the award for future home health aide expenses to the sum of $5,000,000, and the award for future loss of earnings to the sum of $1,000,000, and (d) the plaintiff's stipulation to so reduce those damages dated September 9, 2005, is in favor of the plaintiff and against the defendant Paul Ennin and the defendant third-party plaintiff Interfaith Medical Center in the principal sum equal to the net present value of $8,340,305.27 as of November 16, 2005, and the third-party defendants Ennin & Baah, P.C., and Paul Owusu-Baah separately appeal, as limited by their respective briefs, from so much of the judgment as is conditionally in favor of the defendant third-party plaintiff Interfaith Medical Center and against them in the principal sum of $775,836.68 plus 40% of the cost of an annuity contract with a net present value in the sum of $5,265,999.65 as of March 11, 2004.

Ordered that the judgment is affirmed, with one bill of costs payable to the plaintiff by the defendant Paul Ennin and the defendant third-party plaintiff Interfaith Medical Center appearing separately and filing separate briefs, and one bill of costs payable to the defendant third-party plaintiff Interfaith Medical Center, by the third-party defendants appearing separately and filing separate briefs.

To establish a prima facie case of liability in an action to recover damages for medical malpractice, the plaintiff must prove that the defendant deviated from accepted practice, and that such deviation proximately caused his or her injuries (see Salmeri v Beth Israel Med. Ctr.-Kings Highway Div., 39 AD3d 841 [2007]; Prete v Rafla-Demetrious, 224 AD2d 674, 675 [1996]). Here, the evidence was legally sufficient to support the jury's findings that the defendants and the third-party defendant Paul Owusu-Baah each deviated from accepted practice in various respects, and that such deviations proximately caused the infant plaintiff's injuries (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Fellin v Sahgal, 35 AD3d 800, 801 [2006]). Moreover, the jury's findings in that regard were based on a fair interpretation of the evidence, and hence, were not against the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Nicastro v Park, 113 AD2d 129, 132 [1985]). Where, as here, the parties present expert testimony in support of their respective positions, it is the province of the jury to determine the experts' credibility (see Texter v Middletown Dialysis Ctr., Inc., 22 AD3d 831, 832 [2005]; Velez v Policastro, 1 AD3d 429, 431 [2003]).

The damages awards, as reduced and stipulated to by the

plaintiff, do not deviate materially from what would be considered reasonable compensation (*see* CPLR 5501 [c]).

The defendants' and the third-party defendants' remaining contentions are without merit. Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.