■ GANESH SARWAN, Respondent, v WILLIAM M. PORTNOY, Appellant. [857 NYS2d 667]—

In an action to recover damages for lack of informed consent, the defendant appeals (1) from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered December 21, 2006, which, upon a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sums of $150,000 for past pain and suffering, including loss of enjoyment of life, and $350,000 for future pain and suffering, including loss of enjoyment of life, is in favor of the plaintiff and against him in the principal sum of $500,000, and (2), as limited by his brief, from stated portions of an order of the same court dated April 5, 2007, which, inter alia, denied those branches of his motion pursuant to CPLR 4404 (a) which were to set aside the verdict and for judgment as a matter of law or, alternatively, to set aside the award of damages as excessive.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, with costs, and a new trial is granted on the issue of damages unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the award of damages for past pain and suffering, includ-

ing loss of enjoyment of life, from the sum of $150,000 to the sum of $100,000, and future pain and suffering, including loss of enjoyment of life, from the sum of $350,000 to the sum of $250,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order as denied that branch of the defendant's motion which was to set aside the award of damages as excessive is dismissed, as academic, in light of our determination on the appeal from the judgment; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

In this action to recover damages based on lack of informed consent, the plaintiff was required to prove that the defendant failed to disclose the foreseeable risks, benefits, and alternatives to the surgery which was performed that a reasonable medical practitioner under similar circumstances would disclose to enable the plaintiff to make a "knowledgeable evaluation," and that a reasonably prudent person in the plaintiff's position would not have undergone the surgery if fully informed (Public Health Law § 2805-d [1], [3]).

Contrary to the defendant's contention, the qualitative insufficiency of the plaintiff's consent was demonstrated by expert medical testimony (*see* CPLR 4401-a; *Davis v Caldwell*, 54 NY2d 176, 183 [1981]) and there was sufficient evidence from which the jury could conclude that a fully informed, reasonably prudent person in the plaintiff's position would not have undergone the surgery if fully informed (*see DeVivo v Birnbaum*, 301 AD2d 622, 623 [2003]; *Geltzer v Leventhal*, 287 AD2d 435, 437 [2001]; *cf. Davis v Nassau Ophthalmic Servs.*, 232 AD2d 358 [1996]). Since there was a valid line of reasoning and permissible inferences which could lead rational persons to the conclusion that the jury reached, the verdict was supported by legally sufficient evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Further, the verdict was not against the weight of the evidence as it was supported by a fair interpretation of the evidence (*see O'Boyle v Avis Rent-A-Car Sys.*, 78 AD2d 431, 439 [1981]).

The damages awarded to the plaintiff for past and future pain and suffering, including loss of enjoyment of life, deviated materially from what would constitute reasonable compensation under the circumstances of this case and therefore are excessive to the extent indicated (*see* CPLR 5501 [c]).

The defendant's remaining contention is without merit. Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.