■ Corey Lovett et al., Respondents, v Interfaith Medical Center et al., Appellants. [860 NYS2d 172]—In an action to re-

cover damages for medical malpractice, etc., the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Knipel, J.), dated February 15, 2007, as, upon a jury verdict awarding damages to the plaintiffs in the principal sum of $31,575,000, including the principal sum of $7,500,000 to the infant plaintiff for future lost earnings and the principal sum of $1,500,000 to the infant plaintiff for future therapies, and upon an order of the same court dated November 13, 2006, denying those branches of their motion pursuant to CPLR 4404 which were to set aside the jury verdict and to dismiss the complaint or, alternatively, to set aside the jury verdict and for a new trial, and granting that branch of the motion which was, in effect, to reduce the amount of damages awarded as excessive only to the extent of directing a new trial on the issue of certain damages unless the plaintiffs stipulated, inter alia, to reduce the verdict as to damages for future lost earnings to the principal sum of $5,419,085, and upon the plaintiffs' stipulation, among other things, so reducing those damages, is in favor of the plaintiffs and against them.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages in the principal sum of $5,419,085 for future lost earnings; as so modified, the judgment is affirmed, with costs to the defendants, and a new trial is granted with respect to damages for future lost earnings unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to further reduce the verdict as to damages for future lost earnings from the principal sum of $5,419,085 to the principal sum of $1,404,072; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

To establish a prima facie case of liability in a medical malpractice action, the plaintiff must prove that the defendant deviated from accepted practice, and that such deviation proximately caused his or her injuries (see Manuka v Crenshaw, 43 AD3d 886, 887 [2007]; Salmeri v Beth Israel Med. Ctr.-Kings Highway Div., 39 AD3d 841 [2007]). Here, the evidence was legally sufficient to support the jury's findings that the defendants departed from good and acceptable standards of medical practice in various respects, and that such deviations proximately caused the infant plaintiff's injuries (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Manuka v Crenshaw, 43 AD3d at 887; Salmeri v Beth Israel Med. Ctr.-Kings Highway Div., 39 AD3d 841 [2007]).

Further, the jury's findings in that regard were based on a fair interpretation of the evidence, and thus were not against the weight of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Manuka v Crenshaw,* 43 AD3d at 887; *Nicastro v Park,* 113 AD2d 129, 135 [1985]). Where, as here, both the plaintiffs and the defendants presented expert testimony in support of their respective positions, it was the province of the jury to determine the experts' credibility (*see Manuka v Crenshaw,* 43 AD3d at 887; *Salmeri v Beth Israel Med. Ctr.-Kings Highway Div.,* 39 AD3d at 842; *see also Ross v Mandeville,* 45 AD3d 755, 757 [2007]). The defendants' contention that the jury verdict was inconsistent is unpreserved for appellate review (*see Barry v Manglass,* 55 NY2d 803, 806 [1981]; *Steginsky v Gross,* 46 AD3d 671, 672 [2007]; *Smith v Sheehy,* 45 AD3d 670, 671 [2007]), and, in any event, is without merit (*see Sukhoo v City of New York,* 1 AD3d 349 [2003]; *Miglino v Supermarkets Gen. Corp.,* 243 AD2d 451 [1997]).

The award of damages for future lost earnings, even as reduced by the Supreme Court upon stipulation, deviates from what would be reasonable compensation under the circumstances, and is excessive to the extent indicated (*see* CPLR 5501 [c]).

The defendants' remaining contentions are without merit. Lifson, J.P., Florio, Carni and Belen, JJ., concur.