Susan Rabinowitz et al., Respondents, v Andrew Elimian, Appellant. [866 NYS2d 286]—

In an action to recover damages for medical malpractice, etc., the defendant appeals (1), as limited by his brief, from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated July 31, 2007, which denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiffs and against him on the issue of liability and for judgment as a matter of law, or alternatively, to set aside the jury verdict on the issue of liability as against the weight of the evidence and for a new trial on that issue, or alternatively, to set aside, as against the weight of the evidence, the jury verdict on the issue of damages awarding the plaintiff Susan Rabinowitz the principal sums of $250,000 for past pain and suffering and $500,000 for future pain and suffering, and for a new trial on those issues, or alternatively, to reduce the damages awarded as excessive, and (2) from a judgment of the same court entered October 11, 2007, which, upon the jury verdict, and upon the order, is in favor of the plaintiffs and against him in the total sum of $841,810.80.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

During the birth of the plaintiffs' first child in November 2001 the defendant performed a midline episiotomy, which is an incision to allow for an easier delivery, on the plaintiff Susan Rabinowitz (hereinafter Susan). During the delivery, the incision extended into her anal sphincter muscle. The incisions arising from the episiotomy were repaired by the defendant after the delivery. Approximately one week after being discharged from the hospital, Susan experienced bowel incontinence. Susan underwent surgery in September 2002 to fix a breakdown of the episiotomy repair. Susan testified at trial that she continues to feel pain and discomfort during sexual intercourse.

The defendant contends that the trial court should have precluded the testimony of the plaintiffs' expert on the ground that such testimony did not pertain to the subjects articulated in the plaintiffs' expert witness disclosure statement. We disagree. CPLR 3101 (d) (1) (i) requires a party, upon request, to "identify each person whom the party expects to call as an expert witness at trial and . . . disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify . . . and a summary of the grounds for each expert's opinion." Although the expert witness disclosure statement served by the plaintiffs did not specifically indicate that the expert would testify that the defendant improperly aligned the severed ends of Susan's rectal sphincter muscle, the statement did recite that the "expert will opine that the defendant utilized substandard technique with regard to the repair of a third degree extension of a midline episiotomy." In this case, "the expert witness [disclosure] statement was not so inadequate or inconsistent with the expert's testimony as to have been misleading, or to have resulted in prejudice or surprise" (*Gagliardotto v Huntington Hosp.*, 25 AD3d 758, 759 [2006]; *see Andaloro v Town of Ramapo*, 242 AD2d 354, 355 [1997]). Thus, the Supreme Court did not improvidently exercise its discretion in refusing to preclude the testimony of the plaintiffs' expert (*see McGlauflin v Wadhwa*, 265 AD2d 534 [1999]).

"To establish a prima facie case of liability in an action to recover damages for medical malpractice, the plaintiff must prove that the defendant deviated from accepted practice, and that such deviation proximately caused his or her injuries" (*Manuka v Crenshaw*, 43 AD3d 886, 887 [2007]; *see Salmeri v Beth Israel Med. Ctr.-Kings Highway Div.*, 39 AD3d 841 [2007]). Here, the evidence was legally sufficient to support the jury's finding that the defendant deviated from accepted practice in various respects, and that such departure was a proximate cause of Susan's injuries (*see Ross v Mandeville*, 45 AD3d 755, 757 [2007]; *Manuka v Crenshaw*, 43 AD3d at 887). Furthermore, the jury's determinations as to both liability and damages were based on a fair interpretation of the evidence, and hence, were not against the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 135 [1985]). Where, as here, the parties present expert testimony in support of their respective positions, it is the province of the jury to determine the experts' credibility (*see Speciale v Achari*, 29 AD3d 674, 675 [2006]).

The defendant's remaining contentions are without merit. Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.