■ MARIA MONROY, Respondent, v IOANNIS GLAVAS et al., Defendants, HENRY FUTTERMAN, Appellant. [870 NYS2d 371]

To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove that the appellant deviated from accepted practice, and that such deviation proximately caused her injuries (*see Lovett v Interfaith Med. Ctr.*, 52 AD3d 578, 579 [2008]). Here, the evidence was legally sufficient to support the jury's finding that the appellant deviated from accepted medical practice in various respects, and that such deviations proximately caused the plaintiff's injuries (*id.*).

Moreover, the jury's findings were based on a fair interpretation of the evidence, and thus were not against the weight of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134-135 [1985]). Where, as here, both parties present expert testimony in support of their positions, it is the province of the jury to determine the experts' credibility (*see Lovett v Interfaith Med. Ctr.*, 52 AD3d at 580).

However, the jury's awards for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (*see Sam v Zelman*, 271 AD2d 429 [2000]). Skelos, J.P., Lifson, Santucci and Carni, JJ., concur.