■ Maria Velonis, Appellant, v Michael Guy Vitale et al., Respondents. [868 NYS2d 761]—

To establish a prima facie case of liability in a medical malpractice action, the plaintiff must prove that the defendant deviated from accepted practice, and that such deviation proximately caused his or her injuries (*see Manuka v Crenshaw,* 43 AD3d 886, 887 [2007]; *Salmeri v Beth Israel Med. Ctr.-Kings Highway Div.,* 39 AD3d 841 [2007]). Here, the evidence was legally sufficient to support the jury's findings that the defendant Michael Guy Vitale did not depart from good and accepted standards of medical practice in various respects (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Salmeri v Beth Israel Med. Ctr.-Kings Highway Div.,* 39 AD3d 841 [2007]). Further, the jury's findings in that regard were based on a fair interpretation of the evidence, and thus were not against the weight of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Manuka v Crenshaw,* 43 AD3d 886 [2007]; *Nicastro v Park,* 113 AD2d 129, 135 [1985]). Where, as here, both the plaintiff and the defendant Vitale presented expert testimony in support of their respective positions, it was the province of the jury to determine the experts' credibility (*see Manuka v Crenshaw,* 43 AD3d 886 [2007]; *Salmeri v Beth Israel Med. Ctr.-Kings Highway Div.,* 39 AD3d at 842).

However, the trial court erred in granting the motion of the defendants Charles Jacob Stolar, Eric J. Lazar, Ralph Mosca, and New York Presbyterian Hospital, in effect, pursuant to CPLR 4401 for judgment as a matter of law. The court erred in finding that the testimony of the plaintiff's expert, Dr. James Mayer, about the moving defendants' alleged malpractice, lacked credibility due to his testimony regarding his own qualifications. The expert's testimony regarding his qualifications raised an issue of fact as to the weight to be accorded to it, which was for the jury to resolve (*see Liriano v Hobart Corp.,* 92 NY2d 232, 241 [1998]; *Lopez v Gem Gravure Co., Inc.,* 50 AD3d 1102 [2008]). Under the circumstances, the court erred in granting the motion, in effect, pursuant to CPLR 4401 for judgment as a

matter of law since it could not be said that, upon the evidence presented, there was no rational process by which the jury could base a finding in favor of the plaintiff (*see Sadowski v Long Is. R.R. Co.*, 292 NY 448 [1944]; *Dolitsky v Bay Isle Oil Co.*, 111 AD2d 366 [1985]). Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.