■ DENNIS NOVICK et al., Respondents, v CIRIL J. GODEC et al., Appellants. [872 NYS2d 152]—In an action to recover damages for medical malpractice, etc., the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Patterson, J.), entered July 23, 2007, as, upon a jury verdict on the issue of liability and a jury verdict on the issue of damages, inter alia, awarding the plaintiff Dennis Novick the principal sums of $1,000,000 for past pain and suffering and $1,500,000 for future pain and suffering, and upon an order of the same court dated February 9, 2007, denying those branches of their motion pursuant to CPLR 4404 which were to set aside the jury verdict on the issue of liability and to dismiss the complaint or, in the alternative, to set aside the jury verdict on the issue of liability as against the weight of the evidence and for a new trial, and upon granting that branch of their motion which was, in effect, to reduce the amount of damages awarded as excessive only to the extent of directing a new trial on the issue of damages unless the plaintiffs stipulated, inter alia, to reduce the verdict as to those damages from the sums of $1,000,000 and $1,500,000 to the sums of $750,000, and $1,000,000, respectively, and upon the plaintiffs' stipulation to so reduce those damages, is in favor of the plaintiffs and against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"To establish a prima facie case of liability in an action to recover damages for medical malpractice, the plaintiff must prove that the defendant deviated from accepted practice, and that such deviation proximately caused his or her injuries" (*Manuka v Crenshaw,* 43 AD3d 886, 887 [2007]; *see Salmeri v Beth Israel*

*Med. Ctr.-Kings Hwy. Div.,* 39 AD3d 841 [2007]). Here, the evidence was legally sufficient to support the jury's findings that the defendants departed from good and acceptable standards of medical practice in various respects, and that such deviations proximately caused the injured plaintiff's injuries (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]; *Lovett v Interfaith Med. Ctr.,* 52 AD3d 578, 579 [2008]; *Fellin v Sahgal,* 35 AD3d 800 [2006]).

Further, the jury's findings in that regard were based on a fair interpretation of the evidence, and thus were not against the weight of the evidence (*see Lovett v Interfaith Med. Ctr.,* 52 AD3d at 579; *Manuka v Crenshaw,* 43 AD3d at 887; *Salmeri v Beth Israel Med. Ctr.-Kings Hwy. Div.,* 39 AD3d 841 [2007]; *Nicastro v Park,* 113 AD2d 129, 132 [1985]). The plaintiffs presented expert testimony in support of their position and it was the province of the jury to determine the credibility of the expert, as well as the credibility of the defendants who testified on their own behalf (*see Bryan v Staten Is. Univ. Hosp.,* 54 AD3d 793 [2008]; *Texter v Middletown Dialysis Ctr., Inc.,* 22 AD3d 831 [2005]; *Pace v Jakus,* 291 AD2d 436 [2002]).

The damages awards, as reduced and stipulated to by the plaintiffs, do not deviate materially from what would be considered reasonable compensation (*see* CPLR 5501 [c]; *Calandrillo v East Nassau Med. Group,* 186 AD2d 703 [1992]; *Dopwell v City of New York,* 227 AD2d 436 [1996]). Mastro, J.P., Miller, Angiolillo and Carni, JJ., concur.