■ KERN DEHAARTE, Appellant-Respondent, v MAX L. RAMENOVSKY, Respondent-Appellant, et al., Defendants. [889 NYS2d 68]—In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Gerges, J.), dated July 23, 2008, as granted that branch of the motion of the defendant Max L. Ramenovsky pursuant to CPLR 4404 (a) which was to set aside, as excessive, so much of a jury verdict as awarded him damages in the principal sums of $250,000 for past pain and suffering and $1,500,000 for future pain and suffering, and granted a new trial with respect thereto unless he stipulated to reduce the award for past pain and suffering to the principal sum of $225,000 and the award for future pain and suffering to the principal sum of $100,000, and the defendant Max L. Ramenovsky cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his motion pursuant to CPLR 4404 (a) which was to set aside

the jury verdict and for judgment as a matter of law or, alternatively, to set aside the jury verdict as against the weight of the evidence and for a new trial.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting from the penultimate paragraph thereof the figure "$100,000" and substituting therefor the figure "$200,000"; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

To establish a prima facie case of liability for medical malpractice, a plaintiff must prove that the defendant deviated from accepted practice, and that such deviation proximately caused his or her injuries (*see Novick v Godec,* 58 AD3d 703 [2009]; *Monroy v Glavas,* 57 AD3d 631 [2008]; *Rabinowitz v Elimian,* 55 AD3d 813 [2008]). Here, the evidence was legally sufficient to support the jury's findings that the defendant Max L. Ramenovsky departed from good and acceptable standards of medical practice in various respects, and that such deviation proximately caused the plaintiff's injuries (*see Novick v Godec,* 58 AD3d 703 [2009]; *Monroy v Glavas,* 57 AD3d 631 [2008]; *Rabinowitz v Elimian,* 55 AD3d 813 [2008]).

To establish a prima facie case of liability for lack of informed consent, the plaintiff was required to prove (1) that the defendant failed "to disclose to the patient such alternatives [to the surgery performed] and the reasonably foreseeable risks and benefits involved as a reasonable medical . . . practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation" (Public Health Law § 2805-d [1]), (2) "that a reasonably prudent person in the patient's position would not have undergone the [surgery] if he had been fully informed" (Public Health Law § 2805-d [3]), and (3) that "the lack of informed consent is a proximate cause of the injury or condition for which recovery is sought" (*id.*). Here, the evidence was legally sufficient to support the jury's findings that the risks, benefits, and alternatives were not disclosed to the plaintiff or his legal guardian, that a reasonably prudent person in the plaintiff's position would not have undergone the surgery at issue if fully informed, and that the lack of informed consent was a proximate cause of the plaintiff's injuries (*see Sarwan v Portnoy,* 51 AD3d 655 [2008]).

Further, the jury's findings regarding both causes of action were based on a fair interpretation of the evidence, and thus were not against the weight of the evidence (*see Novick v Godec,* 58 AD3d 703 [2009]; *Monroy v Glavas,* 57 AD3d 631 [2008]; *Rabinowitz v Elimian,* 55 AD3d 813 [2008]; *Sarwan v Portnoy,*

51 AD3d 655 [2008]; *see generally Nicastro v Park,* 113 AD2d 129 [1985]). Where, as here, both the plaintiff and the defendant presented expert testimony in support of their respective positions, it was the province of the jury to determine the experts' credibility (*see Rabinowitz v Elimian,* 55 AD3d 813 [2008]).

The damages award for past pain and suffering, as reduced by the Supreme Court subject to the plaintiff's stipulation, does not deviate materially from what would be considered reasonable compensation (*see Evans v St. Mary's Hosp. of Brooklyn,* 1 AD3d 314 [2003]). Upon consideration of the plaintiff's injuries, we find an award of $200,000 for future pain and suffering to be justified. Santucci, J.P., Chambers, Hall and Roman, JJ., concur. [*See* 20 Misc 3d 1124(A), 2008 NY Slip Op 51599(U).]