IVEN ANTONIO MORALES, Respondent, et al, Plaintiff, v INTERFAITH MEDICAL CENTER et al., Appellants, et al., Defend-

ants. [896 NYS2d 394]—In an action to recover damages for medical malpractice, etc., the defendants Interfaith Medical Center and J. Kardsdon appeal from a judgment of the Supreme Court, Kings County (Jacobson, J.), entered January 3, 2008, which, upon a jury verdict finding that the infant plaintiff Iven Antonio Morales sustained damages in the principal sums of $3,500,000 for past pain and suffering and $1,500,000 for impairment of earning ability, is in favor of the infant plaintiff Iven Antonio Morales and against them.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the infant plaintiff Iven Antonio Morales damages in the principal sum of $3,500,000 for past pain and suffering; as so modified, the judgment is affirmed, with costs to the defendants Interfaith Medical Center and J. Kardsdon, and a new trial is granted with respect to those damages only, unless within 30 days after service upon Camille Morales, as guardian of the infant plaintiff Iven Antonio Morales, of a copy of this decision and order, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $3,500,000 to the principal sum of $600,000; in the event that Camille Morales, as guardian of the infant plaintiff Iven Antonio Morales, so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

To establish a prima facie case of liability in a medical malpractice action, the plaintiff must prove that the defendant deviated from accepted practice, and that such deviation proximately caused his or her injuries (*see Alvarado v Culotta*, 65 AD3d 504, 506 [2009]; *Novick v Godec*, 58 AD3d 703 [2009]; *Velonis v Vitale*, 57 AD3d 657, 658 [2008]; *Rabinowitz v Elimian*, 55 AD3d 813, 814 [2008]; *Lovett v Interfaith Med. Ctr.*, 52 AD3d 578, 579 [2008]; *Manuka v Crenshaw*, 43 AD3d 886, 887 [2007]). Here, the evidence was legally sufficient to support the jury's findings that the defendants Interfaith Medical Center and J. Kardsdon (hereinafter together the defendants) departed from good and acceptable standards of medical practice in various respects, and that such deviations proximately caused the infant plaintiff's injuries (*see Alvarado v Culotta*, 65 AD3d at 506; *Novick v Godec*, 58 AD3d at 704; *Rabinowitz v Elimian*, 55 AD3d at 814; *Lovett v Interfaith Med. Ctr.*, 52 AD3d at 579; *Manuka v Crenshaw*, 43 AD3d at 887). Further, the jury's findings in that regard were based on a fair interpretation of the evidence and, thus, were not against the weight of the evidence

(*see Lovett v Interfaith Med. Ctr.*, 52 AD3d at 580; *Manuka v Crenshaw*, 43 AD3d at 887). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion, and reject that of another expert" (*Ross v Mandeville*, 45 AD3d 755, 757 [2007]).

Contrary to the defendants' contention, the jury's determination to award the infant plaintiff damages for impairment of earning ability is supported by legally sufficient evidence (*see Nicastro v Park*, 113 AD2d 129, 132 [1985]). However, the award for past pain and suffering deviates materially from what would be reasonable compensation, and is excessive to the extent indicated (*see* CPLR 5501 [c]; *Quezada v O'Reilly-Green*, 24 AD3d 744, 746-747 [2005]; *Miller v Weisel*, 15 AD3d 458, 459 [2005]; *Karney v Arnot-Ogden Mem. Hosp.*, 251 AD2d 780, 783 [1998]).

The defendants' remaining contentions are without merit. Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.