◼ RACHELA SACCONE et al., Appellants, v ROBERT GROSS et al., Defendants, and KOKILA B. SHAH et al., Respondents. [923 NYS2d 878]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Flug, J.), entered March 12, 2010, which, upon a jury verdict, is in favor of the defendants Kokila B. Shah, Kokila B. Shah, M.D., P.C., Usha Krishnamurthy, and Usha Krishnamurthy, M.D., P.C., and against them, dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the facts adduced at trial were insufficient to warrant a jury charge on the doctrine of res ipsa loquitur. The testimony did not give rise to an inference of negligence based upon the mere occurrence of the adverse event at issue (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Sangiovanni v Koloski*, 31 AD3d 422, 423 [2006]; *Johnson v Farr*, 268 AD2d 560 [2000]; *Abbott v New Rochelle Hosp. Med. Ctr.*, 141 AD2d 589, 590 [1988]). Thus, the Supreme Court properly denied the plaintiff's request for a res ipsa loquitur charge.

The plaintiffs' contention that the verdict was contrary to the weight of the evidence also is without merit. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Mancusi v Setzen*, 73 AD3d 992, 993 [2010]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). " 'The jury's resolution of conflicting expert testimony is

entitled to great weight, as it is the jury that had the opportunity to observe and hear the experts' " (*Mancusi v Setzen*, 73 AD3d at 993, quoting *Speciale v Achari*, 29 AD3d 674, 675 [2006]). " 'Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion, and reject that of another expert' " (*Morales v Interfaith Med. Ctr.*, 71 AD3d 648, 650 [2010], quoting *Ross v Mandeville*, 45 AD3d 755, 757 [2007]; *see Segal v City of New York*, 66 AD3d 865, 867 [2009]). It is within the province of the jury to determine an expert's credibility (*see Monroy v Glavas*, 57 AD3d 631, 632 [2008]; *Cohen v Kasofsky*, 55 AD3d 859, 860 [2008]). Thus, since the jury was entitled to accept the opinion of the respondents' experts, there is no basis to disturb its determination.

The plaintiff was properly precluded from offering the Physicians' Desk Reference into evidence because the proffered evidence constituted inadmissible hearsay (*see Spensieri v Lasky*, 94 NY2d 231, 234 [1999]; *Hinlicky v Dreyfuss*, 6 NY3d 636 [2006]; *Winant v Carras*, 208 AD2d 618, 620 [1994]). Mastro, J.P., Rivera, Austin and Roman, JJ., concur.