THERESA LOLLY, Appellant, v BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER et al., Respondents, et al., Defendants. [934 NYS2d 711]—

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (*Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d at 588; *see Frenchman v Westchester Med. Ctr.*, 77 AD3d 618, 619 [2010]; *Morales v Interfaith Med. Ctr.*, 71 AD3d 648, 650 [2010]; *Segal v City of New York*, 66 AD3d 865, 867 [2009]; *Ross v Mandeville*, 45 AD3d 755, 757 [2007]). Con-

trary to the plaintiff's contention, the jury's findings in this case were based on a fair interpretation of the evidence and, thus, were not contrary to the weight of the evidence (*see Frenchman v Westchester Med. Ctr.*, 77 AD3d 618 [2010]; *Lovett v Interfaith Med. Ctr.*, 52 AD3d 578 [2008]; *Manuka v Crenshaw*, 43 AD3d 886 [2007]).

The facts adduced at trial were insufficient to warrant a jury charge on the doctrine of res ipsa loquitur. The nature of the testimony did not give rise to an inference of negligence based upon the mere occurrence of the adverse event at issue (*see Kambat v St. Francis Hosp.*, 89 NY2d 489 [1997]; *Saccone v Gross*, 84 AD3d 1208 [2011]; *Sangiovanni v Koloski*, 31 AD3d 422 [2006]; *Johnson v Farr*, 268 AD2d 560 [2000]; *Abbott v New Rochelle Hosp. Med. Ctr.*, 141 AD2d 589 [1988]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.