■ JENNIFER TAYLOR et al., Appellant, v FAKHRUN NESSA HAQUE, Respondent. [942 NYS2d 560]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated September 21, 2010, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant as contrary to the weight of the evidence or in the interest of justice and for a new trial.

Ordered that the order is affirmed, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the

verdict by any fair interpretation of the evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Jean-Louis v City of New York*, 86 AD3d 628, 628 [2011]). The jury's resolution of conflicting expert testimony is entitled to great weight, as it is the jury that had the opportunity to observe and hear the experts (*see Saccone v Gross*, 84 AD3d 1208, 1208-1209 [2011]; *Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]). Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert (*see Lolly v Brookdale Univ. Hosp. & Med. Ctr.*, 90 AD3d 862 [2011]; *Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d at 588).

Here, the jury was entitled to accept the opinion of the defendant's medical expert that the defendant did not depart from good and accepted medical practice in not referring the plaintiff's decedent to a cardiologist for a stress test prior to elective knee surgery, and there is no basis to disturb its determination. Accordingly, the Supreme Court did not err in denying that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendant as contrary to the weight of the evidence.

The plaintiff's remaining contentions are unpreserved for appellate review, are without merit, or do not warrant reversal. Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.