EVADINE BAILEY et al., Individually and as Administrators of the Estate of PATRICK BAILEY, Deceased, Appellants, v BROOK-DALE UNIVERSITY HOSPITAL AND MEDICAL CENTER, Respondent. [949 NYS2d 714]—

In an action, inter alia, to recover damages for wrongful death and medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Jackson, J.), entered December 29, 2010, which, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Just after midnight on November 1, 1997, emergency room personnel at the defendant Brookdale University Hospital and Medical Center (hereinafter the Hospital) began treating the plaintiffs' decedent for a gunshot wound to the inner right thigh. An autopsy report later revealed that in addition to the thigh wound, which lacerated the decedent's right femoral artery, the decedent had also suffered a second, untreated gunshot wound to his right buttock. The plaintiffs commenced this action to recover damages for, inter alia, wrongful death and medical malpractice, and the matter proceeded to trial.

At trial, the plaintiffs' expert witness testified that the Hospital's physicians departed from accepted medical practice by failing to examine the decedent's body for additional gunshot wounds, since the proper procedure calls for removing the patient's clothes and examining the entire body for additional wounds. In contrast, the defendants' expert witnesses testified that, although the normal standard of care is to search for ad-

ditional gunshot wounds, it would have been a departure from accepted practices to perform such a search where, as here, the patient is bleeding out of a severed artery since taking the time to remove the decedent's clothes and search for additional gunshot wounds would have prevented the Hospital's doctors from applying pressure to the gunshot wound to the thigh, which would have resulted in the decedent's death.

The jury found that the Hospital did not depart from accepted medical practice by not discovering and treating the decedent's gunshot wound to the buttock. The Supreme Court accordingly entered judgment in favor of the Hospital and against the plaintiffs. We affirm.

In order to set aside a jury verdict upon the ground that it is not supported by legally sufficient evidence, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Nicastro v Park*, 113 AD2d 129, 132 [1985]). Here, contrary to the plaintiffs' contention, the Hospital presented legally sufficient evidence that its personnel did not depart from accepted medical practice in their treatment of the plaintiffs' decedent.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Jean-Louis v City of New York*, 86 AD3d 628, 628 [2011]). "The jury's resolution of conflicting expert testimony is entitled to great weight, as it is the jury that had the opportunity to observe and hear the experts" (*Saccone v Gross*, 84 AD3d 1208, 1208-1209 [2011] [internal quotation marks omitted]). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (*Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *see Lolly v Brookdale Univ. Hosp. & Med. Ctr.*, 90 AD3d 862 [2011]). Here, the jury was free to credit the testimony of the defendant's expert witnesses over that of the plaintiffs' expert, and there is no basis to disturb its determination.

The trial court properly denied the plaintiffs' request for a missing witness charge as untimely since it was made after the close of all the evidence (*see Buttice v Dyer*, 1 AD3d 552, 552-553 [2003]).

The plaintiffs' contention that the defendant's expert witnesses were not qualified to give testimony is unpreserved for

appellate review (*see Schehr v McEvoy*, 43 AD3d 899, 900 [2007]).

The plaintiffs' remaining contention is without merit. Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.