# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1277**

**CA 14-00291**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, AND LINDLEY, JJ.

---

JANICE MAZELLA, AS ADMINISTRATRIX OF THE
ESTATE OF JOSEPH MAZELLA, DECEASED,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

WILLIAM BEALS, M.D., DEFENDANT,
AND ELISABETH MASHINIC, M.D.,
DEFENDANT-RESPONDENT.
(APPEAL NO. 2.)

---

DELDUCHETTO & POTTER, SYRACUSE (ERNEST A. DELDUCHETTO OF COUNSEL),
ALESSANDRA DEBLASIO, NEW YORK CITY, FOR PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK SUGNET, P.C., SYRACUSE (ANTHONY R. BRIGHTON OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an amended judgment of the Supreme Court, Onondaga
County (John C. Cherundolo, A.J.), entered May 21, 2013. The amended
judgment, insofar as appealed from, dismissed the complaint against
defendant Elisabeth Mashinic, M.D., upon a jury verdict.

It is hereby ORDERED that the amended judgment so appealed from
is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice and
wrongful death action alleging that Elisabeth Mashinic, M.D.
(defendant) was negligent in her treatment of plaintiff's decedent and
that her negligence was a substantial factor contributing to the death
of plaintiff's decedent by suicide. Plaintiff appeals from an amended
judgment entered upon a jury verdict determining that, although
defendant was negligent, her negligence was not a proximate cause of
the death of plaintiff's decedent. Plaintiff failed to preserve for
our review her contention that the verdict with respect to defendant
was inconsistent with the verdict finding the codefendant liable,
inasmuch as she failed to raise that contention before the jury was
discharged (*see Barry v Manglass*, 55 NY2d 803, 806, *rearg denied* 55
NY2d 1039; *Schley v Steffans*, 79 AD3d 1753, 1753). In any event, that
contention is without merit. The claims of negligence with respect to
the respective defendants were distinct and the treatment of
plaintiff's decedent by the respective defendants was not dependent
upon the actions of the other (*cf. Midler v Crane*, 14 NY3d 877, 879,
*rearg denied* 15 NY3d 821; *see generally Ledogar v Giordano*, 122 AD3d
834, 836-837).

Plaintiff also failed to preserve for our review her contention that the verdict is against the weight of the evidence by filing a motion pursuant to CPLR 4404 (a) to set aside the verdict on that ground.  In any event, that contention also is without merit.  "A jury verdict will be set aside as against the weight of the evidence only when the evidence at trial 'so preponderated in favor of the [losing party] that the verdict could not have been reached on any fair interpretation of the evidence' . . . 'A verdict finding that a defendant was negligent but that such negligence was not a proximate cause of [decedent's death] is against the weight of the evidence only when [those] issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Schreiber v University of Rochester Med. Ctr.*, 88 AD3d 1262, 1263; *see Lesio v Attardi*, 121 AD3d 1527, 1529).  That is not the case here.  Plaintiff's decedent died 16 days after his discharge from inpatient care, where he was treated by defendant.  The parties each presented expert testimony with respect to whether defendant's treatment of plaintiff's decedent and her follow-up plan for his care met the standard of care and whether any of the alleged claims of negligence was a substantial factor in decedent's death.  "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (*Taylor v Haque*, 94 AD3d 978, 979; *see Sisson v Alexander*, 57 AD3d 1483, 1483-1484, *lv denied* 12 NY3d 709).  As we noted in the appeal of the codefendant, this "trial was a prototypical battle of the experts" (*Mazella v Beals* [appeal No. 3], 122 AD3d 1358, ___ [internal quotation marks omitted]), and we conclude that the jury's finding that decedent's death was not caused by defendant's negligence "was a rational and fair interpretation of the evidence" (*id.* at ___ [internal quotation marks omitted]).

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court