■ STEVEN GIAMMARINO, Appellant, v JOHN M. CARLO, DDS, Respondent. [42 NYS3d 279]—

In an action to recover damages for dental malpractice and lack of informed consent, the plaintiff appeals from (1) a judgment of the Supreme Court, Richmond County (Dollard, J.), entered August 28, 2014, which, upon a jury verdict, is in favor of the defendant and against him dismissing the complaint, and (2) an order of the same court dated November 26, 2014, which denied his motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.

Ordered that the judgment and the order are affirmed, with one bill of costs.

To demonstrate a lack of informed consent, the plaintiff was required to establish, in the first instance, that the defendant failed to disclose the risks, benefits, and alternatives to the surgery which a reasonable medical practitioner under similar circumstances would have disclosed, in a manner permitting the plaintiff to make a knowledgeable evaluation (*see* Public Health Law § 2805-d [1]; *Dehaarte v Ramenovsky*, 67 AD3d 724, 725-726 [2009]; *Johnson v Jacobowitz*, 65 AD3d 610, 613 [2009]; *Sarwan v Portnoy*, 51 AD3d 655 [2008]). Here, the evidence was legally sufficient to support the jury's findings that the defendant provided appropriate information to the plaintiff before obtaining his consent to perform surgery.

Further, the jury's findings were based on a fair interpretation of the evidence and, thus, were not contrary to the weight

of the evidence (*see Novick v Godec*, 58 AD3d 703 [2009]; *Monroy v Glavas*, 57 AD3d 631 [2008]; *Rabinowitz v Elimian*, 55 AD3d 813 [2008]; *Sarwan v Portnoy*, 51 AD3d at 655). Where, as here, both the plaintiff and the defendant presented expert testimony in support of their respective positions, it was the province of the jury to determine the experts' credibility (*see Dehaarte v Ramenovsky*, 67 AD3d at 726; *Rabinowitz v Elimian*, 55 AD3d at 813).

Accordingly, the plaintiff's motion to set aside the verdict was properly denied. Eng, P.J., Austin, Roman and Cohen, JJ., concur.