■ STEVE D. PASSAMONDI et al., Appellants, v JOHN F. HUNT et al., Respondents, et al., Defendants. (Action No. 1.) (And Three Other Actions.) — In a negligence action to recover damages for personal injuries, etc., plaintiffs Steve D. Passamondi and Linda Passamondi appeal from a judgment of the Supreme Court, Putnam County, entered May 12, 1980, which, after a jury trial limited to the issue of liability, was in favor of defendants Hunt. Judgment affirmed, with costs. The single alleged error in the trial court's instruction preserved for review concerns the court's refusal to instruct the jury regarding the duty of care imposed by section 1143 of the Vehicle and Traffic Law upon the driver of a vehicle exiting from a driveway. As the undisputed testimony at trial established that the vehicle operated by Douglas Hunt had already left the driveway before he could possibly have been aware of plaintiffs' oncoming automobile, section 1143 of the Vehicle and Traffic Law was inapplicable and the trial court correctly declined to so charge. Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.

■ MARGARET RIVENBURGH, Individually and as Administratrix of the Estate of ERNEST L. RIVENBURGH, Deceased, Respondent, v ANTHONY MACRI Doing Business as MACRI'S MARINA, Appellant. — In a wrongful death action, defendant appeals from a judgment and order (one paper) of the Supreme Court, Dutchess County, dated November 14, 1980, which, *inter alia,* denied his motion for summary judgment as to the first and second causes of action in the verified complaint. Judgment and order affirmed, with $50 costs and disbursements. Defendant's motion for summary judgment was directed at all four causes of action. Since plaintiff's third and fourth causes of action, charging violations of section 11-101 of the General Obligations Law, were in fact dismissed on the instant motion, albeit for legal insufficiency, defendant is not aggrieved thereby and we do not pass on that portion of the disposition in any respect. As to the first and second causes of action, charging common-law negligence in the maintenance of defendant's marina facilities, we agree that issues of fact preclude summary disposition as a matter of law. Hopkins, J. P., Damiani, Mangano and O'-Connor, JJ., concur.

■ LOWELL M. SCHULMAN, Doing Business as SCHULMAN INVESTMENT COMPANY, Respondent, v BURNHAM CORPORATION et al., Defendants, and WESTCHESTER MECHANICAL CONTRACTORS, INC., et al., Appellants. — Appeal from an order of the Supreme Court, Westchester County, dated March 25, 1980, dismissed. That order was superseded by a further order of the same court, dated July 8, 1980, which, upon reargument, adhered to the original determination. Order dated July 8, 1980 affirmed insofar as appealed from. No opinion. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. Hopkins, J. P., Titone, Lazer and Cohalan, JJ., concur.