■ FLAVIO CAVALLI et al., Appellants, v BRYN S. COHEN et al., Respondents. [618 NYS2d 339] —Judgment, Supreme Court, Bronx County (Luis Gonzalez, J.), entered October 5, 1993,

which, upon a jury's verdict, awarded Flavio Cavalli $5,000 in damages (the jury had awarded Flavio $25,000 in total damages, but found him to be 80% negligent) and awarded Eugenia Cavalli no damages on her claim for loss of consortium, unanimously reversed, on the law, the judgment vacated, and the matter remanded for a new trial on the issues of both liability and damages, without costs.

In this daylight motor vehicle pedestrian knockdown case, all of the previous testimony from an independent eyewitness, the injured plaintiff *and the defendant-driver herself* placed the point of impact of said defendant's vehicle within an unmarked crosswalk of Swift Avenue in Eastchester, as plaintiff was traversing it on foot in a northerly direction. Before striking plaintiff, this defendant had to pass a white line and a full stop sign before continuing a right turn in a southerly direction onto White Plains Road.

On this record, where all of the evidence fixed the accident within an unmarked crosswalk as defined by Vehicle and Traffic Law § 110, it was error for the trial court to charge the jury, over plaintiff's objection, with respect to Vehicle and Traffic Law § 1152 (a), which provides: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway." The error was compounded here when, in response to the jury's inquiries in the course of its deliberations, the court reiterated the erroneous instructions at least three more times without reference to Vehicle and Traffic Law § 1151, which requires a vehicle to yield the right of way to a pedestrian within a crosswalk *(see, Fan v Buzzitta,* 42 AD2d 40). The prejudice of these improper instructions is apparent in the jury's liability determination apportioning 80% of fault to the pedestrian plaintiff, a conclusion that even defendants' counsel in summation did not have the temerity to urge. (On this aspect, he had suggested the jury might consider a 50-50 apportionment of fault.)

If the case is retried, we would note that what has been described as good character evidence pertaining to the defendant-driver (her charitable activities, etc.) would best be avoided as both irrelevant and prejudicial *(Beach v Richtmyer,* 275 App Div 466). Concur—Murphy, P. J., Carro, Ellerin and Wallach, JJ. [As amended by unpublished order entered Feb. 23, 1995.]