■ SEGAL GIRALDO, Appellant, v JULIUS ROSSBERG et al., Respondents. [747 NYS2d 78]

The jury's verdict, which found that defendant driver was negligent in the operation of his vehicle but that such negligence was not a substantial factor in causing plaintiff's injuries, is not inconsistent and illogical. The issue of whether a defendant's negligence was a proximate cause of an accident is separate and distinct from the negligence determination (*Ohdan v City of New York*, 268 AD2d 86, 89, *lv denied* 95 NY2d 769). A defendant may act negligently without that negligence constituting a proximate cause of the accident (*id.*).

The jury heard evidence that a traffic control agent waved defendant through an intersection despite a steady red light,

that several agents were present at the intersection that day, including one controlling the traffic flow in plaintiff's direction, and that plaintiff failed to notice any traffic agents before entering the intersection. From this evidence, the jury logically could have concluded that the negligent acts of the traffic agents or of the plaintiff, rather than defendant's negligence, were the proximate causes of the accident (*Ohdan v City of New York*, 268 AD2d at 90; *Gross v Napoli*, 216 AD2d 524, 525).

As plaintiff has failed to demonstrate that the jury could not have reached its verdict on any fair interpretation of the evidence (*Nicastro v Park*, 113 AD2d 129, 134), the verdict will not be disturbed.

Nor was plaintiff entitled to a missing witness charge with respect to the traffic enforcement agents who were working at the scene absent a showing that the agents were under defendants' control (*see Chandler v Flynn*, 111 AD2d 300, 301, *appeal dismissed* 67 NY2d 647). We also note that plaintiff had successfully precluded the agents' testimony. Concur—Tom, J.P., Mazzarelli, Buckley, Lerner and Gonzalez, JJ.