THERESA A. PELLEGRINO, Respondent, v DANIEL J. YOULL, Appellant. [829 NYS2d 776]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered December 12, 2005 in a personal injury action. The order granted plaintiff's motion to set aside the jury verdict and granted a new trial.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained while riding a bicycle that collided with defendant's vehicle. The collision occurred in a crosswalk at an intersection, with the traffic light in plaintiff's favor. The jury returned a verdict finding that defendant was not negligent, and we agree with plaintiff that Supreme Court properly granted her motion to set aside the verdict as against the weight of the evidence and granted a new trial. "It is well settled that a motion to set aside a verdict as contrary to the weight of the evidence invokes the court's discretion" (*Nicastro v Park*, 113 AD2d 129, 134-135 [1985]), and "that discretion is at its broadest [where, as here,] it appears that the unsuccessful litigant's evidentiary position was particularly strong compared to that of the victor" (*id.* at 136). Here, defendant testified that he was looking away from plaintiff when he entered the crosswalk and did not observe her until after the collision. In view of that testimony, and defendant's statutory duty to yield the right of way (*see* Vehicle and Traffic Law § 1111 [d] [2] [a]), we agree with the determination of the court that the evidence so preponderated in favor of plaintiff that the verdict finding that there was no negligence on defendant's part could not be reached upon any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Present—Gorski, J.P., Fahey, Peradotto, Green and Pine, JJ.