■ Nathaniel Martinez, Respondent, v Dwight Wascom, Appellant. [871 NYS2d 549]—

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was struck by a vehicle operated by defendant while riding a motorized scooter across West Main Street near the intersection of West Main Street and Reynolds Street in the City of Rochester. Following a bifurcated trial on liability, the jury found that defendant was negligent but that his negligence was not a proximate cause of the accident. Plaintiff made a post-trial motion for a new trial on liability, seeking to set aside the verdict as inconsistent and against the weight of the evidence. Supreme Court granted the motion, and we affirm.

" 'A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence' " (*Wojcik v Kent*, 21 AD3d 1410, 1411-1412 [2005]). "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Skowronski v Mordino*, 4 AD3d 782, 783 [2004] [internal quotation marks omitted]).

Here, the evidence presented at trial establishes that the accident occurred after defendant, who was found by the jury to have negligently approached the intersection, swerved the vehicle he was driving in order to avoid striking a vehicle stopped in the curb lane of West Main Street. In swerving his vehicle, defendant struck plaintiff at or near the center line of West Main Street as plaintiff attempted to cross that road. We agree with the court that the jury's verdict was inconsistent and against the weight of the evidence because, according to the evidence presented at trial, plaintiff was struck by defendant's vehicle only because of his proximity to the center line of West Main Street when defendant reached that point of the street by negligently swerving to avoid the stopped vehicle at the curb. Thus, it can only be concluded that the jury's verdict that defendant's negligence was not a proximate cause of the accident was both inconsistent (*see id.*), and could not have been reached upon any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). We note in any event that "[t]he determination of the trial court to set aside a jury verdict as against the weight of the evidence 'must be accorded great respect' " (*American Linen Supply Co. v M.W.S. Enters.*, 6 AD3d 1079, 1080 [2004], *lv dismissed* 3 NY3d 702 [2004]), and we will not on the record before us disturb the court's determination.

All concur except Centra, J.P., and Peradotto, J., who dissent and vote to reverse in accordance with the following memorandum:

Centra, J.P., and Peradotto, J. (dissenting). We respectfully dissent. As properly noted by the majority, "[a] jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence

without also finding proximate cause" (*Skowronski v Mordino*, 4 AD3d 782, 783 [2004] [internal quotation marks omitted]). Here, the evidence established that defendant was traveling on West Main Street and had the right-of-way at the intersection of West Main Street and Reynolds Street, while plaintiff was riding a motorized scooter on Reynolds Street and was attempting to cross West Main Street. Defendant testified at the bifurcated trial on liability that he was driving in the curb lane when a vehicle pulled out from Reynolds Street in front of his vehicle and that he swerved into the passing lane. That same vehicle then pulled into the passing lane, whereupon defendant crossed over the double yellow line to avoid colliding with the vehicle and instead collided with plaintiff, who was crossing West Main Street at that intersection. Defendant testified that he could not see plaintiff's scooter prior to the collision, and plaintiff testified that he saw defendant's vehicle just prior to impact. The driver of the vehicle that had pulled onto West Main Street from Reynolds Street testified that he stopped in the curb lane on West Main Street to allow plaintiff to cross the street on his scooter, and he saw defendant's vehicle speed past him and collide with the scooter in the opposite lane of traffic.

In our view, Supreme Court erred in granting plaintiff's motion to set aside the verdict as inconsistent and against the weight of the evidence. The jury was entitled to credit the testimony of defendant and thus was entitled to find that, while defendant was negligent in crossing the double yellow line, his negligence was not a proximate cause of the accident. Rather, based on the evidence before it, the jury was entitled to find that the accident was caused by the vehicle that swerved into defendant's lane of travel and by plaintiff's failure to yield the right-of-way to defendant. We therefore conclude that the verdict was neither inconsistent nor against the weight of the evidence, i.e., the issue whether defendant was negligent was not "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*id.*; *see Hernandez v Baron*, 248 AD2d 440 [1998]; *see also Ellis v Borzilleri*, 41 AD3d 1170, 1170-1171 [2007]; *Inserro v Rochester Drug Coop.*, 258 AD2d 923, 923-924 [1999]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). We therefore would reverse the order, deny the motion, and reinstate the verdict. Present—Centra, J.P., Fahey, Peradotto, Green and Gorski, JJ.