■ Rose Santillo, Appellant, v Michael A. Thompson, Respondent. [898 NYS2d 399]—

Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered June 10, 2009 in a personal injury action. The order denied the motion of plaintiff to set aside the verdict.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle she was driving collided with a vehicle driven by defendant as he exited a gas station. Following a bifurcated trial on liability, the jury found that defendant was negligent but that his negligence was not a substantial factor in causing the accident. Plaintiff thereafter moved to set aside the verdict on the grounds that the verdict was inconsistent and against the weight of the evidence. We conclude that Supreme Court properly denied the motion.

At the outset, defendant contends that we are precluded from reviewing the merits of the motion because petitioner waived her right to make such a motion by failing to do so in a timely manner. We reject that contention. The court exercised its discretion in determining the motion on the merits (*see generally Ehrman v Ehrman*, 67 AD3d 955, 956 [2009]), and there is no indication in the record that the return date of the motion was adversely affected. We agree with defendant, however, that by failing to object to the alleged inconsistency of the verdict before the jury was discharged, plaintiff failed to preserve for our review her contention that the court erred in denying her motion on that ground (*see Haller v Gacioch*, 68 AD3d 1759 [2009]; *Bleiberg v City of New York*, 43 AD3d 969, 971 [2007]; *Skowronski v Mordino*, 4 AD3d 782 [2004]).

We reject the further contention of plaintiff that the court erred in denying her motion to set aside the verdict as against the weight of the evidence. A verdict is not against the weight of the evidence merely because the jury finds a defendant negligent but determines that his or her negligence is not a proximate cause of the accident. "The issue of whether a defendant's negligence was a proximate cause of an accident is separate and distinct from the negligence determination" (*Ohdan v City of New York*, 268 AD2d 86, 89 [2000], *appeal dismissed* 95 NY2d 885 [2000], *lv denied* 95 NY2d 769 [2000]; *see Giraldo v Rossberg*, 297 AD2d 534 [2002]). A verdict finding

that a defendant was negligent but that such negligence was not a proximate cause of the accident is " 'against the weight of the evidence only when [those] issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Jones v Radeker*, 32 AD3d 494, 495 [2006]; *see Szymanski v Holenstein*, 15 AD3d 941 [2005]; *Skowronski*, 4 AD3d 782 [2004]), and that is not the case here. We conclude that the jury could reasonably find that defendant was negligent based on his failure to observe plaintiff behind another vehicle when he exited the gas station but that his negligence was not the proximate cause of the accident because plaintiff was operating her vehicle in the median of the roadway in violation of Vehicle and Traffic Law § 1126 (a) and § 1128 (d). Thus, "the evidence [did not] so preponderate[ ] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]; *see Dunnaville v Metropolitan Tr. Auth. of City of N.Y.*, 68 AD3d 1047 [2009]; *Rubino v Scherrer*, 68 AD3d 1090, 1091-1092 [2009]).

Finally, plaintiff failed to preserve for our review her contention that the court erred in allowing the police investigator who responded to the accident scene to testify with respect to the position of the vehicles and the location of the debris in the road. Plaintiff did not object to that testimony at trial and raised her contention for the first time in her reply to defendant's opposing papers (*see Schissler v Athens Assoc.*, 19 AD3d 979 [2005]). Present—Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.