■ JERALYN SCHLEY, Appellant, v RYEN STEFFANS et al., Respondents. [914 NYS2d 846]—Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered July 22, 2009 in a personal injury action. The order denied the motion of plaintiff to set aside a verdict pursuant to CPLR 4404 (a).

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the motor vehicle driven by her daughter, defendant Ryen Steffans, and in which plaintiff was a passenger, collided with a vehicle driven by defendant Ronald Laraba. Following a trial on liability, the jury concluded that Steffans' negligence was a proximate cause of the accident and that, although Laraba was negligent, such negligence was not a proximate cause of the accident. Plaintiff appeals from an order denying her post-trial motion to set aside the verdict as inconsistent and against the weight of the evidence and for a new trial. We affirm.

Plaintiff contends that the verdict is inconsistent and against the weight of the evidence because it was logically impossible to find that Laraba was negligent without also finding that such negligence was a proximate cause of the accident. "Plaintiff failed to preserve for our review [her] contention that the verdict is inconsistent because [she] did not object to the verdict on that ground before the jury was discharged" (*Delong v County of Chautauqua* [appeal No. 2], 71 AD3d 1580, 1581 [2010]). In any event, we conclude that the verdict is neither inconsistent nor against the weight of the evidence. "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find

negligence without also finding proximate cause" (*Skowronski v Mordino*, 4 AD3d 782, 783 [2004] [internal quotation marks omitted]; *see Potter v Jay E. Potter Lbr. Co., Inc.*, 71 AD3d 1565, 1567 [2010]). A driver " 'who has the right of way[, such as Laraba,] is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield' . . . In addition, [he] has 'no duty to watch for and avoid a driver who might fail to stop or to proceed with due caution at a stop sign' " (*Doxtader v Janczuk*, 294 AD2d 859, 859-860 [2002], *lv denied* 99 NY2d 505 [2003]). Thus, we conclude that "the evidence on the issue of causation [with respect to Laraba] did not so preponderate in favor of plaintiff that the jury's finding of no proximate cause could not have been reached on any fair interpretation of the evidence" (*Waild v Boulos* [appeal No. 2], 2 AD3d 1284, 1286 [2003], *lv denied* 2 NY3d 703 [2004]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.