ELIZABETH HINKLE, Appellant, v JONATHAN R. TREJO et al., Respondents. [934 NYS2d 12]—

The jury's finding that defendant driver was not negligent in striking plaintiff pedestrian was based upon a fair interpretation of the evidence (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]). The jury clearly credited the driver's testimony that he had looked towards the curb immediately before the accident and had not seen anyone in his path, which determination is entitled to deference (*see Haiyan Lu v Spinelli*, 44 AD3d 546 [2007]). The jury could have inferred from the ev-

idence that plaintiff, who was on her cell phone, suddenly stepped out onto the street, without giving the driver enough time to avoid the accident (*see e.g. Jordan v Doyle*, 24 AD3d 107 [2005], *lv denied* 7 NY3d 705 [2006]).

The court properly included a charge as to Vehicle and Traffic Law § 1152 (a) in light of the evidence that plaintiff may have been outside of the crosswalk at the time of the accident (*cf. Cavalli v Cohen*, 209 AD2d 240 [1994]). The trial court also did not abuse its discretion in sua sponte striking improper hearsay testimony (*see e.g. Campbell v Rogers & Wells*, 218 AD2d 576, 579 [1995]). Concur—Mazzarelli, J.P., Andrias, Friedman, Catterson and Freedman, JJ.