# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**501**

**CA 14-01155**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

GINGER KURTZ, AS PARENT AND NATURAL GUARDIAN OF
SAMANTHA MANDARINO, AN INFANT,
PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

JOHN J. POIRIER, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

ROBERT E. LAHM, PLLC, SYRACUSE (JOEL FEROLETO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BARTH SULLIVAN BEHR, SYRACUSE (LAURENCE D. BEHR OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (James P. Murphy, J.), entered February 19, 2014. The judgment dismissed the complaint upon a jury verdict of no cause of action.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries sustained by her daughter when she was struck by a motor vehicle operated by defendant while walking to school. Contrary to plaintiff's contention, Supreme Court properly denied her motion to set aside the jury verdict in favor of defendant as against the weight of the evidence. It is well established that " '[a] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence' " (*Sauter v Calabretta*, 103 AD3d 1220, 1220). Here, there was a fair interpretation of the evidence supporting the jury's determination that defendant was not negligent. Plaintiff's daughter testified that she never saw defendant's motor vehicle before it struck her, and defendant testified he was traveling below the speed limit and that plaintiff's daughter entered the unmarked crosswalk only five or six feet in front of his vehicle. He testified that he "slammed on [his] brakes and [sounded his] horn," and he noted that "[i]t was so quick [he] couldn't do anything." Plaintiff's expert testified on cross-examination that he had "no idea how far away [plaintiff's daughter] was when she stepped in front of [defendant's] car" but, assuming that the distance was five feet, defendant would not have been able to stop

in time to avoid hitting plaintiff's daughter.  Moreover, the reporting police officer testified that defendant was not a contributing cause of the accident and that the accident was caused by "pedestrian error."  We therefore agree with defendant that the court properly denied plaintiff's motion.