# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**164**
**CA 15-00552**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

JOSHUA M. BERNER, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JAMES A. LITTLE AND GREAT LAKES MOTOR CORP.,
DOING BUSINESS AS MERCEDES-BENZ OF BUFFALO,
DEFENDANTS-RESPONDENTS.

---

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LAW OFFICES OF JOHN WALLACE, BUFFALO (JOHN WALLACE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Niagara County
(Matthew J. Murphy, III, A.J.), entered February 18, 2015.  The
judgment adjudged that plaintiff has no cause of action against
defendants.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he sustained when the motorcycle he was driving collided with
a vehicle operated by James A. Little (defendant) and owned by
defendant Great Lakes Motor Corp., doing business as Mercedes-Benz of
Buffalo.  The record establishes that the accident occurred when
plaintiff, who was admittedly driving his motorcycle approximately 10
miles per hour in excess of the posted speed limit, crested a small
hill and, applying only his rear brake, was unable to stop before he
collided with the vehicle operated by defendant, who was backing out
of a driveway.  Plaintiff contended at trial that defendant failed to
yield the right-of-way when entering the roadway, in violation of
Vehicle and Traffic Law § 1143, and that defendant's negligence was a
proximate cause of the accident.  The jury found that defendant was
negligent, but determined that his negligence was not a substantial
factor in causing the accident.  After the jurors had been discharged,
plaintiff moved to set aside the verdict as inconsistent.  Supreme
Court denied the motion in a "judgment, decision and order," and a
final judgment was thereafter entered.

We note at the outset that, although plaintiff appeals from the
"judgment, decision and order," which was subsumed in the subsequent
judgment, we exercise our discretion to treat the notice of appeal as

valid and deem the appeal to be from the judgment (*see* CPLR 5520 [c]; *Kovalsky-Carr Elec. Supply Co., Inc. v Hartford Cas. Ins. Co.*, 130 AD3d 1534, 1534).

With respect to the alleged inconsistency between the jury's finding of negligence but no proximate cause, plaintiff failed to preserve his contention for our review inasmuch as he did not raise that issue until after the jury had been discharged (*see Mazella v Beals*, 124 AD3d 1328, 1328; *Krieger v McDonald's Rest. of N.Y., Inc.*, 79 AD3d 1827, 1828, *lv dismissed* 17 NY3d 734; *Schley v Steffans*, 79 AD3d 1753, 1753). If the alleged inconsistency had been raised in a timely manner, "the trial court could have taken corrective action before the jury was discharged, such as resubmitting the matter to the jury" (*Barry v Manglass*, 55 NY2d 803, 806, *rearg denied* 55 NY2d 1039).

In any event, to the extent that we may address plaintiff's contention in the context of his challenge to the weight of the evidence (*see Skowronski v Mordino*, 4 AD3d 782, 782), we conclude that the verdict was not inconsistent. "A verdict is not against the weight of the evidence merely because the jury finds a defendant negligent but determines that his or her negligence is not a proximate cause of the accident" (*Santillo v Thompson*, 71 AD3d 1587, 1588). Instead, "[a] jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably intertwined as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser*, 8 AD3d 616, 617; *see Todd v PLSIII, LLC—We Care*, 87 AD3d 1376, 1377).

Here, there was evidence in the record that defendant backed out of the driveway before he was aware of plaintiff's oncoming motorcycle (*see Passamondi v Hunt*, 80 AD2d 889, 889), and that plaintiff could have avoided the collision if he had not been speeding as he approached the hill (*see* Vehicle and Traffic Law § 1180 [e]) or if he had applied his front brake as well as his rear brake. "Resolution of the inconsistency between plaintiff's claim that he could not avoid the collision and the evidence suggesting that sufficient time existed during which the collision could have been avoided properly belonged to the jury" (*Acovangelo v Brundage*, 271 AD2d 885, 887), and "defendant[s are] entitled to the presumption that the jury adopted the view that the plaintiff's conduct was the sole proximate cause of the accident" (*Rubino v Scherrer*, 68 AD3d 1090, 1092).

Finally, plaintiff contends that the verdict must be set aside because the jury foreperson signed his name to the last three questions of the verdict sheet and appeared to apportion fault, despite the direction of the court and the instruction on the jury sheet to stop deliberating if the jury found, as it did, that defendant's negligence was not a substantial factor in causing the accident. None of the other jurors signed his or her name to those questions, and plaintiff refused the court's offer, made while the jurors were still in the jury room gathering their belongings, to question the jurors about the matter. Plaintiff therefore effectively

waived his contention that the jury's apportionment of fault rendered the verdict inconsistent.  Plaintiff's contention that it would have been improper for the court to recall the discharged jurors is not properly before us because it is raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  In any event, plaintiff cites no authority prohibiting a court from asking questions of a discharged jury in order to clarify a verdict already rendered, and we could find none.