# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**428**

**CA 15-01458**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

MICHAEL JABCZYNSKI AND BRENDA JABCZYNSKI,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

ADVANCED DRYING AND RESTORATION,
DEFENDANT-APPELLANT,
AND NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,
DEFENDANT.

---

MCCABE, COLLINS, MCGEOUGH, FOWLER, LEVINE & NOGAN, LLP, BUFFALO
(TAMARA HARBOLD OF COUNSEL), FOR DEFENDANT-APPELLANT.

PETER D. CLARK, FREDONIA, FOR PLAINTIFFS-RESPONDENTS.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Chautauqua County
(Deborah A. Chimes, J.), entered November 19, 2014.  The order granted
plaintiffs' motion to set aside the jury verdict, directed judgment as
a matter of law that a contract existed between plaintiff Michael
Jabczynski and defendant Advanced Drying and Restoration, and granted
plaintiffs a new trial on the issues of breach of contract, proximate
cause and damages.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this breach of contract action, Advanced Drying
and Restoration (defendant) appeals from an order granting plaintiffs'
motion to set aside the jury verdict, directing judgment as a matter
of law on the issue that a contract existed between defendant and
plaintiff Michael Jabczynski, and ordering a new trial on the issues
of breach, proximate cause, and damages.  We affirm.

"[W]hile the existence of a contract is a question of fact, the
question of whether a certain or undisputed state of facts establishes
a contract is one of law for the courts" (*Resetarits Constr. Corp. v
Elizabeth Pierce Olmsted, M.D. Center for the Visually Impaired*
[appeal No. 2], 118 AD3d 1454, 1455 [internal quotation marks
omitted]).  Moreover, " '[i]t is well settled that a motion to set
aside a verdict as contrary to the weight of the evidence invokes the
court's discretion' . . . , and 'that discretion is at its broadest
[where, as here,] it appears that the unsuccessful litigant's
evidentiary position was particularly strong compared to that of the
victor' " (*Pellegrino v Youll*, 37 AD3d 1064, 1064; *see* CPLR 4404 [a]).

Contrary to defendant's contention, Supreme Court did not abuse its discretion in setting aside the verdict inasmuch as the evidence adduced at trial, including the signed agreement between the parties, established as a matter of law the existence of an enforceable contract (*see generally Resetarits Constr. Corp.*, 118 AD3d at 1455).

Entered:  May 6, 2016                                    Frances E. Cafarell
                                                        Clerk of the Court