# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**397**
**CA 16-00667**
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

AMY REID, PLAINTIFF-APPELLANT,

V                                            MEMORANDUM AND ORDER

CARRIE LEVY AND ROCK CITY CHRYSLER,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

BROWN CHIARI LLP, BUFFALO (MICHAEL DRUMM OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (TODD C. BUSHWAY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Chautauqua County (Paul Wojtaszek, J.), entered December 29, 2015. The judgment dismissed the complaint upon a jury verdict of no cause of action.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the posttrial motion is granted, the verdict is set aside, and a new trial is granted on the issue of liability.

Memorandum: Plaintiff commenced this action to recover damages for personal injuries that she sustained when she was struck by a vehicle owned by defendant Rock City Chrysler and operated by Carrie Levy (defendant). Following a jury trial on the issue of liability only, the jury found that defendant was negligent but that such negligence was not a substantial factor in causing the accident. Plaintiff sought to set aside the verdict on the grounds that it was irreconcilably inconsistent and that the finding that defendant's negligence was not a substantial factor in causing the accident is against the weight of the evidence. In appeal No. 1, plaintiff appeals from an order denying her posttrial motion to set aside the verdict and, in appeal No. 2, she appeals from the judgment subsequently entered on the basis of that verdict.

At the outset, we note that the order in appeal No. 1 is subsumed in the judgment in appeal No. 2 and that the appeal from the order must be dismissed on that basis (*see Smith v Catholic Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435, 435; *see also* CPLR 5501 [a] [1]). We further note that plaintiff's challenge to the verdict on the ground of its purported inconsistency is not preserved for our review inasmuch as plaintiff did not raise that issue until after the jury

had been discharged (*see Berner v Little*, 137 AD3d 1675, 1676; *Schley v Steffans*, 79 AD3d 1753, 1753).

We agree with plaintiff, however, that Supreme Court erred in denying her posttrial motion. Although a jury's "finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding probable cause" (*Berner*, 137 AD3d at 1676 [internal quotation marks omitted]; *see Szymanski v Holenstein*, 15 AD3d 941, 942), we "conclude under the facts of this case that the jury's 'finding of negligence cannot be reconciled with the jury's finding of no proximate cause' " (*Szymanski*, 15 AD3d at 942; *see Martinez v Wascom*, 57 AD3d 1415, 1416; *Murphy v Holzinger*, 6 AD3d 1072, 1072-1073). We thus conclude that the finding that defendant's negligence was not a substantial factor in causing the accident could not have been reached upon any fair interpretation of the evidence and is against the weight of the evidence (*see Johnson v Schrader* [appeal No. 2], 299 AD2d 815, 816; *see also Martinez*, 57 AD3d at 1416).

Entered: March 31, 2017                          Frances E. Cafarell
                                                 Clerk of the Court