■ A.C., an Infant, by Her Mother and Natural Guardian, NAMINATA C., et al., Appellants, v FESTUS F. AJISOGUN, Respondent. [60 NYS3d 816]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson

Jr., J.), entered July 7, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

"A driver in an area where children are playing need not exercise 'extreme care or caution,' although [he] must exercise the care that a reasonably prudent person would exercise under the circumstances" (*DeJesus v Alba*, 63 AD3d 460, 463 [1st Dept 2009], *affd* 14 NY3d 860 [2010]). Here, defendant established his entitlement to judgment as a matter of law by producing evidence that he was not speeding, driving only about 5-10 miles per hour, and that the infant plaintiff ran out from between two parked cars into the side of his vehicle (*see Fatumata B. v Pioneer Transp. Corp.*, 118 AD3d 486, 486 [1st Dept 2014]; *DeJesus*, 63 AD3d at 463; *Yahya v Kahan*, 136 AD3d 644, 645 [2d Dept 2016]).

No issues of fact exist as to whether defendant's speed was excessive under the circumstances (*see DeJesus*, 63 AD3d at 464; *Fatumata B.*, 118 AD3d at 487). Contrary to plaintiffs' argument, *Ferrer v Harris* (55 NY2d 285 [1982]) does not stand for the broad proposition that a driver's negligence is always a question of fact when the driver was aware that children were possibly present. Plaintiffs failed to raise a triable issue of fact as to whether defendant ought to have seen the infant plaintiff before the impact. Accordingly, the point of impact was not a material issue of fact warranting denial of summary judgment (*see Hinkle v Trejo*, 89 AD3d 631 [1st Dept 2011], *lv denied* 19 NY3d 807 [2012]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Moskowitz, Kahn and Gesmer, JJ.