Furch v Klingler (2019 NY Slip Op 04570)





Furch v Klingler


2019 NY Slip Op 04570


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


537 CA 18-01754

[*1]FRANCIS E. FURCH, PLAINTIFF-APPELLANT,
v
CAROL A. KLINGLER, DEFENDANT-RESPONDENT. 






DEMPSEY & DEMPSEY, BUFFALO (PATRICK J. MALONEY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (NELSON E. SCHULE, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered March 4, 2018. The judgment dismissed the complaint upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries he sustained in a motor vehicle accident when defendant's vehicle struck plaintiff's vehicle from behind while plaintiff's vehicle was stopped at a stop light. Plaintiff now appeals from a judgment that, inter alia, dismissed the complaint upon a jury verdict in defendant's favor. We affirm. At trial, plaintiff and defendant gave different versions of the accident. Plaintiff's version was that his vehicle was struck twice, i.e., first, there was a hard impact when defendant's vehicle struck his vehicle from behind and, second, there was a lesser impact when a third party's vehicle struck defendant's vehicle from behind and then defendant's vehicle struck plaintiff's vehicle again. Defendant's version was that her vehicle had come to a complete stop behind plaintiff's vehicle, and her vehicle struck plaintiff's vehicle only after the third party's vehicle struck her vehicle from behind. The jury returned a verdict finding that defendant was negligent, but that her negligence was not a substantial factor in causing the accident.
We reject plaintiff's contention that Supreme Court erred in denying his motion to set aside the verdict as against the weight of the evidence. "It is well established that [a] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (Kurtz v Poirier, 128 AD3d 1491, 1492 [4th Dept 2015] [internal quotation marks omitted]). " A verdict is not against the weight of the evidence merely because a jury finds a defendant negligent but determines that his or her negligence is not a proximate cause of the accident' " (Berner v Little, 137 AD3d 1675, 1676 [4th Dept 2016]). We reject plaintiff's contention that the issues of negligence and proximate cause were " so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (id.). There was a fair interpretation of the evidence supporting the jury's determination that defendant was negligent in the operation of her vehicle, but that the third party was the sole proximate cause of the accident.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court