Jo v Gore (2021 NY Slip Op 03579)





Jo v Gore


2021 NY Slip Op 03579


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-14269
 (Index No. 68973/12)

[*1]Daniel Hy Jo, et al., respondents, 
v
Barbara Gore, et al., appellants, et al., defendants (and other actions).


Petrocelli & Christy, LLP (Rubin Law, PLLC, New York, NY [Denise A. Rubin], of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Barbara Gore and Lawrence Gore appeal from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated September 10, 2018. The order, insofar as appealed from, granted those branches of the plaintiffs' separate motions which were for leave to renew and reargue those branches of their prior motions which were for summary judgment on the issue of liability insofar as asserted against the defendants Barbara Gore and Lawrence Gore, which had been denied in an order of the same court dated March 16, 2018, and, upon renewal and reargument, in effect, vacated that portion of the order dated March 16, 2018, and thereupon, granted those branches of the prior motions.
ORDERED that the order dated September 10, 2018, is modified, on the law, by deleting the provision thereof, upon renewal and reargument, in effect, vacating the determination in the order dated March 16, 2018, denying those branches of the plaintiffs' motions which were for summary judgment on the issue of liability insofar as asserted against the defendants Barbara Gore and Lawrence Gore, and thereupon, granting those branches of the motions, and substituting therefor a provision, upon renewal and reargument, adhering to the determination in the order dated March 16, 2018, denying those branches of the motions; as so modified, the order dated September 10, 2018, is affirmed insofar as appealed from, with costs to the defendants Barbara Gore and Lawrence Gore.
On August 7, 2012, the defendant Barbara Gore was pulling her vehicle out of a driveway on Haights Cross Road in Chappaqua, when her vehicle collided with a vehicle operated by the plaintiff Daniel Hy Jo, in which his wife, the plaintiff Rosemarie Cho, was a passenger. The
plaintiffs' vehicle was traveling southbound on Haights Cross Road, and Barbara Gore intended to turn left out of the driveway, in order to proceed northbound on Haights Cross Road. As she was exiting the driveway, her view to the left was purportedly blocked by a flatbed construction truck parked on the west side of Haights Cross Road.
In November 2012, the plaintiffs commenced this action against Barbara Gore and her husband, the defendant Lawrence Gore (hereinafter together the defendants), to recover damages for personal injuries. The plaintiffs subsequently amended the complaint to add additional defendants. The plaintiffs separately moved, inter alia, for summary judgment on the issue of liability insofar as asserted against the defendants. In an order dated March 16, 2018, the Supreme Court, among other things, denied those branches of the plaintiffs' motions, upon a determination that the plaintiffs had failed to demonstrate freedom from comparative negligence as a matter of law. Thereafter, following the Court of Appeals' decision in Rodriguez v City of New York (31 NY3d [*2]312), the plaintiffs separately moved, inter alia, for leave to renew and reargue those branches of their prior motions which were for summary judgment on the issue of liability insofar as asserted against the defendants. In an order dated September 10, 2018, the court, among other things, granted leave to renew and reargue, and, upon renewal and reargument, in effect, vacated the determination in the order dated March 16, 2018, denying those branches of the prior motions, and awarded the plaintiffs summary judgment on the issue of liability insofar as asserted against the defendants. The defendants appeal.
The Supreme Court properly granted those branches of the plaintiffs' motions which were for leave to renew and reargue their prior motions (see CPLR 2221[d], [e]). However, upon renewal and reargument, the court should have adhered to its original determination, denying those branches of the plaintiffs' prior motions which were for summary judgment on the issue of liability insofar as asserted against the defendants. While, pursuant to Rodriguez v City of New York (31 NY3d 312), the plaintiffs were no longer required to demonstrate their freedom from comparative fault when moving for summary judgment on the issue of liability, that issue was not determinative of whether the defendants' liability was established as a matter of law. Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability insofar as asserted against the defendants by tendering evidence that Barbara Gore's failure to yield the right-of-way in violation of Vehicle and Traffic Law § 1143 was a proximate cause of the accident (see Ricciardi v Nelson, 142 AD3d 492, 493; Ferrara v Castro, 283 AD2d 392, 393; see also Lallemand v Cook, 23 AD3d 533, 534). However, in opposition, the defendants raised triable issues of fact as to whether the collision was caused solely by Jo's failure to exercise reasonable care to avoid the collision (see Berner v Little, 137 AD3d 1675, 1676) and whether the defendants' vehicle entered the roadway prior to being struck by the plaintiffs' vehicle, rendering Vehicle and Traffic Law § 1143 inapplicable (see Soibov v Palmer, 102 AD3d 951, 952; Passamondi v Hunt, 80 AD2d 889, 889).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court