Alligood v Doe (2021 NY Slip Op 05186)





Alligood v Doe


2021 NY Slip Op 05186


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


379 CA 20-01168

[*1]LESLIE E. ALLIGOOD, PLAINTIFF-APPELLANT,
v
JOHN DOE, ET AL., DEFENDANTS, AND LORETTA JOHNSON, DEFENDANT-RESPONDENT. 






WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
TREVETT CRISTO, ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (James J. Piampiano, J.), entered May 11, 2020. The order denied the motion of plaintiff to set aside a jury verdict. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when a vehicle in which she was a passenger flipped onto its roof after being struck by another vehicle. According to plaintiff, the other vehicle did not stop, and the driver of the other vehicle, defendant John Doe, was never identified. The police, however, found a license plate at the scene of the accident that was registered to a Saturn owned by Loretta Johnson (defendant). Plaintiff alleged in the complaint, inter alia, that John Doe was operating defendant's Saturn with her express or implied consent when he collided with the vehicle in which plaintiff was a passenger, causing plaintiff to sustain serious injuries and that defendant was vicariously liable pursuant to Vehicle and Traffic Law § 388. Following a bifurcated trial on liability, the jury concluded that, although defendant and John Doe (collectively, defendants) were negligent, such negligence was not a substantial factor in causing the accident. Plaintiff appeals from an order denying her posttrial motion to set aside the verdict as inconsistent, against the weight of the evidence, and not supported by legally sufficient evidence. We affirm.
Plaintiff contends that Supreme Court erred in denying her motion insofar as it sought to set aside the verdict as inconsistent because it was logically impossible for the jury to find that defendants were negligent without also finding that such negligence was a proximate cause of the accident. Plaintiff, however, failed to preserve that contention for our review because she "did not object to the verdict on that ground before the jury was discharged" (Delong v County of Chautauqua [appeal No. 2], 71 AD3d 1580, 1581 [4th Dept 2010]; see Schley v Steffans, 79 AD3d 1753, 1753 [4th Dept 2010]).
We reject plaintiff's further contention that the court erred in denying the motion insofar as it sought to set aside the verdict on the ground that it is not supported by legally sufficient evidence. In order to find that a jury verdict is not supported by legally sufficient evidence, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]), and that cannot be said here.
Plaintiff further contends that the verdict is against the weight of the evidence. "A verdict is not against the weight of the evidence merely because the jury finds a defendant negligent but determines that his or her negligence is not a proximate cause of the accident" (Santillo v Thompson, 71 AD3d 1587, 1588 [4th Dept 2010]; see Furch v Klingler, 173 AD3d 1672, 1672 [*2][4th Dept 2019]). "A verdict finding that a defendant was negligent but that such negligence was not a proximate cause of the accident is against the weight of the evidence only when those issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Santillo, 71 AD3d at 1588-1589 [internal quotation marks omitted]; see Reid v Levy [appeal No. 2], 148 AD3d 1800, 1801 [4th Dept 2017]), which is not the case here.
In conducting our weight of the evidence review, we are cognizant of the fact that the jury was asked to determine only whether defendants were negligent and whether their negligence was a substantial factor in causing the accident, and the jury was not asked to determine whether the negligence in question involved the use or operation of defendant's Saturn (see Brown v Ng, 163 AD3d 1464, 1465 [4th Dept 2018]; cf. Monzon v Porter, 173 AD3d 1779, 1780 [4th Dept 2019]). We conclude that, under these circumstances, there is a fair interpretation of the evidence supporting the jury's determination that defendant was negligent but that such negligence was not a proximate cause of the accident.
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court