Silver v Victor (2022 NY Slip Op 01950)





Silver v Victor


2022 NY Slip Op 01950


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


1178 CA 20-01218

[*1]JACLYN F. SILVER, PLAINTIFF-APPELLANT,
v
CASSANDRA VICTOR, DEFENDANT-RESPONDENT. 






COLUCCI & GALLAHER, P.C., BUFFALO (RYAN L. GELLMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
TREVETT CRISTO, ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Dennis E. Ward, J.), entered September 15, 2020. The judgment decreed that defendant was not negligent. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when, in an attempt to cross a multi-lane street outside of a crosswalk in a busy commercial neighborhood, she walked between rows of stationary cars in the right and middle lanes before emerging into the left turn lane where she was struck by defendant's vehicle. On appeal from a judgment entered upon a jury verdict finding that defendant was not negligent, plaintiff contends that the verdict is against the weight of the evidence, and thus that Supreme Court erred in denying her posttrial motion insofar as it sought to set aside the verdict on that ground. We reject that contention. Here, it cannot be said that "the evidence so preponderated in favor of plaintiff that the jury's verdict could not have been reached on any fair interpretation of the evidence" (Long v Niagara Frontier Transp. Auth., 81 AD3d 1391, 1392 [4th Dept 2011] [internal quotation marks omitted]; see Kurtz v Poirier, 128 AD3d 1491, 1492 [4th Dept 2015]; Hinkle v Trejo, 89 AD3d 631, 631-632 [1st Dept 2011], lv denied 19 NY3d 807 [2012]; cf. Pellegrino v Youll, 37 AD3d 1064, 1064 [4th Dept 2007]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court